(69 Misc. Rep. 184.)

COUNTY OF NASSAU v. LUESSEN et al.

(Supreme Court, Special Term, Nassau County. October 25, 1910.)

RAILROADS (§ 99*)—CHANGE IN GRADE CROSSINGS—PROCEEDINGS TO CONDEMN LAND—RIGHT TO INSTITUTE.

Laws 1910, c. 481, § 91, authorizes the mayor and council of any city, or president and trustees of any village, or town board, within which a highway is crossed by a steam surface railroad, or the railroad company, to bring a petition to the Public Service Commission for a change of grade. Section 92 provides that the municipal corporation in which the highway crossing is located, or the state commission of highways in case of a street, avenue, or highway to be constructed or improved as a part of a state or county highway, may, with approval of the railroad company, acquire by purchase land required for carrying out the provisions of the preceding sections, and, if unable to do so, may acquire such land

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

by condemnation. Laws 1893, c. 333, established a county road system whereby the board of supervisors of a county could select certain roads as county roads and thereupon have exclusive care and jurisdiction over them. Chapter 333 was repealed by the highway law (Laws 1909, c. 30 [Consol. Laws, c. 25]), which law, together with Laws 1898, c. 115, gave to the state authorities the right to aid in the construction and maintenance of certain roads within town and county, and specifically conferred upon the board of supervisors of the counties the right to acquire property where a proposed highway deviates from the existing highway. Highway Law, § 320, provides that the board of supervisors of a county may contract to improve a highway without state aid in one or more towns at the joint expense of county and town. ' *Held* that, as the highway law fully recognizes county roads, and section 320 thereof still gives the board of supervisors power to provide for construction and improvement of highways not receiving state aid, a county road established as such, pursuant to the law of 1893, would not become a town road because of the repeal of that law in 1899, so as to make the town the proper party to apply, under Railroad Law, § 92, now Laws 1910, c. 481, § 92, for a county road; the words of that section, "municipal corporation in which the highway crossing is located," being broad enough to include a county.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 99.*]

Petition by the County of Nassau against Mary A. Luessen and another for appointment of commissioners to condemn land necessary to a change in a grade crossing. Hearing for trial of a certain issue provided.

Payne & Scudder, for plaintiff.

Louis J. Carruthers, for defendants.

CRANE, J. The petition in this matter has been presented under what is now section 92, c. 481, of the Laws of 1910, for the appointment of commissioners to condemn land necessary to a change in grade crossing. By an order made August 8, 1906, the Board of Railroad Commissioners directed the Long Island Railroad to eliminate its grade crossing upon the Old Westbury Road at Westbury Station, Nassau county, N. Y., and in accordance with said order the Public Service Commission of the Second Department approved the plans of this improvement on the 13th day of August, 1908. The board of supervisors, by resolution, decided that the real property described in the petition herein was necessary for the purpose of carrying out the changes in the highway, and after failure to procure the land by private sale have petitioned this court pursuant to the provisions of the railroad law.

It is claimed by the owner of the property that Nassau county has no right or standing under the statute to make this application. Section 91 authorizes the mayor and common council of any city, or president and trustees of any village, or town board of any town, within which a highway is crossed by a steam surface railroad, or the railroad company, to bring a petition in writing to the Public Service Commission for a change of grade. Section 92 reads as follows:

"Acquisition of Land, Right or Easement in Crossing.—The municipal corporation in which the highway crossing is located, or the state commission of highways in case of a street, avenue or highway to be constructed or improved as a part of a state or county highway, may with the approval of the

railroad company acquire by purchase any lands, rights or easements necessary or required for the purpose of carrying out the provisions of sections eighty-nine, ninety and ninety-one of this chapter, but if unable to do so shall acquire such lands, rights or easements by condemnation either under the condemnation law or under the provisions of the charter of such municipal corporation. The railroad company shall have notice of any such proceedings and the right to be heard therein."

The defendant's claim is that only a city, village, town, or railroad, or the State Commissioner of Highways, can make this application, and that the county has no such right. By chapter 333 of the Laws of 1893 a county road system was established, whereby the board of supervisors of a county could select certain roads as county roads and thereupon have exclusive care and jurisdiction over them. This law remained upon the statute books until repealed by the highway law (chapter 30, Laws 1909 [Consol. Laws, c. 25]). Laws 1898, c. 115, and the highway law of 1909 gave to the state authorities the right to aid in the construction and maintenance of certain roads within town and county, and specifically conferred upon the board of supervisors of the counties the right to acquire property where a proposed highway deviates from the existing highway. Section 7, c. 115, Laws 1898; section 148, c. 30, Laws 1909. Section 320 of the highway law provides that the board of supervisors of a county may contract to improve a highway without state aid in one or more towns at the joint expense of county and town. Therefore, under the present highway law, county authorities are recognized as the parties to acquire the necessary land in certain instances for the extension or change in county roads, whether receiving state aid or not.

If it be that the Old Westbury Road was taken over by the county of Nassau when it came into existence under the county road system provided by chapter 333 of the Laws of 1893, and thereupon had exclusive jurisdiction thereof, the town of North Hempstead, in which the road is located, could not make this application, as the town would have nothing to do with the highway. The State Commissioner of Highways would not be the one to make the application, as the road would not be a county road within the meaning of section 2 of the highway law, unless under that law it had been selected for state aid. As the highway law fully recognizes county roads, and section 320, above referred to, still gives the board of supervisors power to provide for the construction and improvement of highways not receiving state aid, I cannot believe that a county road, established as such pursuant to the law of 1893, becomes a town road by reason of the repeal of that law in 1909, so as to make the town the proper party to apply, under section 92 of the railroad law, for a county road. The words of that section, "municipal corporation in which the highway crossing is located," are broad enough to include a county; and, if the road to be changed in this instance be a county road, I think the county of Nassau is the proper party to present this petition.

The papers upon this motion contain few statements regarding the nature of this road, although the brief for the plaintiff contains a very full statement of the facts. It may be gathered from the petition that Old Westbury Road is a county road, but it would be much more sat-

isfactory to the disposition of this motion if the petition contained some of the facts stated in the brief.

As the answer is a denial of the facts set forth in the petition and the defense alleged is that the plaintiff is not a proper party to maintain this proceeding, I shall try the issue thus raised to determine whether Old Westbury Road be a county road, and direct the parties to appear before me for this purpose at such time as they shall agree upon.